# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| PROVISUR TECHNOLOGIES, INC., ) ) Plaintiff, ) ) v. ) ) WEBER, INC., et al., ) ) Defendants. ) | Case No. 21-cv-06113-SRB |

## ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint. (Doc. #9.) For the reasons set forth below, the motion is DENIED.

### I. FACTUAL BACKGROUND[1]

This is the third patent infringement case filed in this Court by Plaintiff Provisur Technologies, Inc. ("Plaintiff") against Defendant Weber, Inc. and related entities ("Defendants"). *See Provisur Technologies, Inc. v. Weber, Inc., et al.*, Case No. 19-cv-06021-SRB (W.D. Mo.) ("*Provisur I*"); *Provisur Technologies, Inc. v. Weber, Inc. et al.*, Case No. 20-cv-06069-SRB (W.D. Mo.) ("*Provisur II*"). All three cases generally allege that Defendants' food slicing machines infringe Plaintiff's patents.

*Provisur I* alleges that Defendants infringed several patents, including Plaintiff's U.S. Patent No. 8,322,537. Highly summarized, the patents in *Provisur I* describe food-product handling systems containing vacancy detection robots, conveyors, and scanners. *Provisur II* alleges that Defendants infringed Plaintiff's U.S. Patent No. 10,625,436 ("the '436 patent"), and U.S. Patent No. 10,639,812 ("the '812 patent"). In general, the '436 patent and the '812 patent

---

[1] The following facts are primarily taken from the parties' briefs without further quotation or attribution unless otherwise noted. Additional facts are discussed in Section III.

relate to a slicer comprising a food article gripper, an upper conveyor assembly, and a "food article stop gate." (Doc. #95, p. 2.)[2] *Provisur II* alleges in part that Defendants have infringed and continue to infringe the '436 patent by "making, using, offering to sell, selling, and/or importing into the U.S. products that include, but are not limited to, the Weber Slicer S6, the Weber Slicer 900 Series (including the Weber Slicer 904, the Weber Slicer 905, and the Weber Slicer 906)[.]" (*Provisur II*, Doc. #1, ¶ 51.)

This case ("*Provisur III*") alleges that Defendants infringed Plaintiff's U.S. Patent No. 8,408,109 B2 ("the '109 patent"). "The '109 patent describes a food article slicing machine that can slice multiple food articles at once at independent rates while monitoring each food article to achieve optimal weight control and yield." (Doc. #1, ¶ 40.) Plaintiff alleges that Defendants infringed and continue to infringe the '109 patent "by making, using, offering to sell, selling, and/or importing into the U.S. products that include, but are not limited to, the Weber Slicer S6, the Weber Slicer 904-02 (and later versions of the Weber Slicer 904), the Weber Slicer 905, and the Weber Slicer 906[.]" (Doc. #1, ¶ 41.)

Defendants now move to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue this case "accuses the same machines of infringement as those accused in *Provisur II*" and should be dismissed "under the prohibition against claim splitting." (Doc. #10, p. 5.) Plaintiff opposes the motion, and the parties' arguments are addressed below.

## II.  LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

---

[2] All page numbers refer to the pagination automatically generated by CM/ECF.

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).

Even if a complaint adequately states a plausible claim for relief, a defendant may move to dismiss under Rule 12(b)(6) for improper claim splitting. "It is well established that a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits[.]" *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 619 (Fed. Cir. 1995). "[I]nstead, a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together." *Id.*

The prohibition on claim splitting is "similar to claim preclusion," but may be applied even if a final judgment has not been entered in either case. Wright & Miller, Fed. Prac. & Pro. § 4406 (3d ed. Apr. 2021).[3] A party seeking dismissal for claim splitting must show that: (1) "the first suit was based on proper jurisdiction;" (2) "both suits involve the same parties (or those in privity with them);" and (3) "both suits are based upon the same claims or causes of action." *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998).[4] The third element considers the factual and transactional overlap between the two cases. *Id*; *Mars*, 58 F.3d at 619. A court may consider the complaint, "public records and materials embraced by the

---

[3] Defendants' reply brief clarifies that the pending motion is based "on the prohibition against claim splitting," and "is not premised directly on res judicata and the *Kessler* doctrine." (Doc. #35, p. 2.) The Court agrees that the claim splitting doctrine is most applicable to the current facts of this case. The parties' briefs and this Order cite case law on res judicata and similar doctrines to the extent that authority is relevant to the claim splitting analysis.

[4] In a patent infringement case, the general principles of claim splitting are governed by "the law of the regional circuit in which the district court sits." *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1165 (Fed. Cir. 2018). However, Federal Circuit law applies to determine whether two claims for patent infringement are the same. *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008).

3

complaint," and "materials attached to the complaint." *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012).

### III. DISCUSSION

The pending motion turns on whether *Provisur II* and this case "aris[e] from a single transaction or series of transactions[.]" *Mars*, 58 F.3d at 619.[5] Defendants primarily argue that "the same accused sales of the same accused products are at issue in both cases[.]" (Doc. #10, p. 5; Doc. #35, p. 5.) In particular, Defendants contend that:

> The causes of action in *Provisur II* and *III* are defined by the transactional facts from which they arise, namely, the allegedly unauthorized sale in the United States of Weber's 904, 905, 906, and S6 slicers. In *Provisur II*, [Plaintiff] alleged that it was injured by the sale of Weber's 904, 905, 906, and S6 slicers. Every alleged act of infringement in *Provisur III* is likewise based on the sale of the same Weber 904, 905, 906, and S6 slicers. The same transactional facts thus define both cases. The fact that *Provisur II* and *Provisur III* are based on the same transaction facts is not negated by the assertion of different patents in the two cases.

(Doc. #10, p. 14; Doc. #35, pp. 4-6) (internal citations omitted).[6] As explained below, the Court finds this case is not barred by the claim splitting doctrine.

Although the claim splitting analysis examines all relevant facts, two considerations are particularly important. First, a court should determine if "the *same patents* are involved in both suits." *Senju Pharm. Co., Ltd. v. Apotex Inc.*, 746 F.3d 1344, 1349 (Fed. Cir. 2014) (emphasis in original). A claim may be barred as impermissibly split "when a patentee seeks to assert the same patent against the same party and the same subject matter." *Id.*; *Mars*, 58 F.3d at 619-20.

---

[5] The parties do not dispute that this Court has jurisdiction over both cases, and do not dispute that the same parties are involved in each case.

[6] Defendants further argue this lawsuit is barred because Plaintiff could have—but failed—to timely add a claim for infringement of the '109 patent in *Provisur II*. In response, Plaintiff argues that it "did not learn of Defendants' infringement of the '109 patent until months after the deadline to amend pleadings in *Provisur II* had already elapsed." (Doc. #32, p. 15.) On the current record, the Court cannot conclude that Plaintiff was required to seek leave to amend its complaint in *Provisur II* or that Plaintiff unduly delayed in bringing this lawsuit for the '109 patent.

4

If different patents are asserted, the party seeking dismissal should show that "the scope of the asserted patent claims in the two suits is essentially the same." *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1167 (Fed. Cir. 2018).

In this case, Plaintiff alleges that Defendants infringed the '109 patent. Plaintiff does not allege infringement of the '109 patent in either *Provisur I* or *Provisur II*. Indeed, Defendants acknowledge that "the asserted patents are different." (Doc. #10, p. 14.) The Court further agrees with Plaintiff that Defendants have failed to show that "the '109 patent is . . . essentially the same . . . as one of the patents asserted in *Provisur II*." (Doc. #32, p. 9); *see also Senju Pharm.*, 746 F.3d at 1349. These facts weigh against dismissing this lawsuit under the claim splitting doctrine. *See Kearns v. General Motors Corp.*, 94 F.3d 1553, 1555-56 (Fed. Cir. 1996) ("[E]ach patent establishes an independent and distinct property right," and "raises an independent and distinct cause of action.")

Second, a court should consider "the overlap of *the product or process* accused in the instant action with *the product or process* accused in the prior action." *Senju Pharm.*, 746 F.3d at 1349 (emphasis in original); *Mars*, 58 F.3d at 620. "If the products or processes are essentially the same," then the claim splitting doctrine may apply. *Id.* Here, Defendants argue that the same products/machines are at issue in this case and in *Provisur II*. Defendants contend that "[e]very alleged act of infringement" in *Provisur II* and *III* is based on the sale of Defendants' 904, 905, 906, and S6 slicers. (Doc. #10, p. 14.) Plaintiff does not dispute that both cases involve "overlapping accused products." (Doc. #32, p. 5.) However, Plaintiff again emphasizes that the patents are different and involve "different inventors, a different priority date, and different subject matter." (Doc. #32, pp. 5-6, 11, 19.)

5

Upon review, the Court finds this lawsuit is not barred even though the alleged infringing products are the same in both cases. As stated above, *Provisur II* and this lawsuit involve different patents. Plaintiff has also presented facts showing that the patents in this case and in *Provisur II* have different priority dates, inventors, and different periods of damages. In addition, discovery has not yet been completed in *Provisur I*, *Provisur II*, or *Provisur III*. The Court agrees with Defendants that Plaintiff "should not be allowed to bring wave after wave of lawsuits targeting the same sales of the same products, asserting patents that have existed for years." (Doc. #35, p. 6.) However, on the current record, and at this early stage of litigation, the Court finds that Plaintiff's claims are not barred by the claim splitting doctrine.[7]

## IV. CONCLUSION

Accordingly, Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. #9) is DENIED. Defendants' request for oral argument is also DENIED AS MOOT and as unnecessary.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: January 21, 2022

---

[7] In support of their respective arguments, both parties also discuss the so-called "*Kessler*" doctrine. *See Kessler v. Eldred*, 206 U.S. 285 (1907). Under the *Kessler* doctrine, "a party who has prevailed in a patent litigation [has] the right to manufacture, use, or sell the product that has been deemed not to infringe without fear of continued challenges to that right based on the same patent." *SpeedTrack, Inc. v. Office Depot, Inc.*, 791 F.3d 1317, 1326 (Fed. Cir. 2015). The *Kessler* doctrine does not foreclose the claims in this lawsuit for many of the reasons discussed above, including that this case does not involve the same patent as *Provisur I* and *II*.